**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

---------------------------------------------------------------------------x

John Hatcher,
individually and on behalf of all others similarly situated;

        Plaintiff,

        -against-

Equifax Information Services, LLC,

        Defendant(s).

---------------------------------------------------------------------------x

**CASE No.:** 2:25-cv-3005

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

## <u>COMPLAINT</u>

Plaintiff John Hatcher ("Plaintiff"), brings this Class Action Complaint by and through his attorneys, against Defendant Equifax Information Services, LLC ("Defendant" or "Equifax") individually and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## <u>JURISDICTION AND VENUE</u>

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1681p *et seq.*

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Tennessee.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation registered to do business in the State of Tennessee and may be served with process upon the Corporation Service Company, its registered agent for service of process, at 2908 Poston Avenue, Nashville, TN 37203.

7. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

## CLASS ALLEGATIONS

9. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

10. The Class consists of:

    a. all individuals with addresses in the State of Tennessee

    b. for whom Equifax blocked access to their Equifax credit report without the consumers permission;

    c.  not only to those individuals but also to potential creditors and/or lenders; and

    d.  for which these credit reports were being reported as unavailable within five (5) years prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

5. The identities of all class members are readily ascertainable from the records of Defendant.

6. Excluded from the Plaintiff Class is the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

7. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether Defendant Equifax's failure to provide consumers and potential creditors access to Plaintiff's credit report, and update it properly upon being made known of the issues, as well as Equifax's failure to have systems and policies in place to recognize and correct this issue on their own.

8. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

9.  This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a.  **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above are so numerous that joinder of all members would be impractical.

   b.  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's failure to provide Plaintiff Class and necessary parties access to Plaintiff Class' credit report, and failure to resolve the issue timely upon a dispute violate 15 U.S.C. § 1681 *et seq*.

   c.  **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d.  **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

22. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**<u>FACTUAL ALLEGATIONS</u>**

11. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

12. During the course of the past 30 months, Plaintiff has applied for credit multiple times and been denied.

13. Plaintiff was informed from these denials that it was due to the lender's inability to access Plaintiff's credit reports.

14. Specifically, on or around June 17, 2025, Plaintiff applied for credit to refinance an auto loan.

15. The potential lender responded to Plaintiff's application and stated Plaintiffs application was denied due to "no credit file".

16. On or around June 24, 2025, Plaintiff sent a dispute in writing to Equifax, stating that Equifax blocked potential creditors from accessing Plaintiff's Equifax credit report ("Dispute").

17. In the Dispute, Plaintiff provided his ID along with a copy of one of the credit denials from a potential creditor to show proof as to the issue of his credit report not being available.

18. Despite Plaintiff providing notice of this issue to Equifax, his credit report still remained unavailable to potential creditors and thus his ability to obtain credit was greatly impacted.

19. Despite the fact that Equifax received Plaintiff's dispute along with his identifying information, Equifax failed to resolve the issue.

20. The issue of Plaintiff's credit report not being available to creditors persisted despite the dispute that Plaintiff sent to Equifax.

21. Upon information and belief, Plaintiff's Equifax Credit Report remained unavailable for more than two (2) years.

22. Accordingly, Plaintiff has been denied numerous times when he applied for credit from financial lending institutions.

23. Defendant Equifax has failed to resolve the issue.

24. Upon information and belief, Plaintiff was unable to secure a lease for a residential dwelling because Equifax improperly blocked Plaintiff's credit report from being accessed by prospective landlords.

25. For at least two years, Plaintiff's Equifax credit report was unavailable to potential creditors and/or lenders that wished to review Plaintiff's credit information for the purpose of determining whether to grant Plaintiff's application for credit.

26. Accordingly, these potential lenders summarily denied Plaintiff's application for credit on account of the fact that they could not access Plaintiff's credit information from Equifax.

27. Thus, by blocking Plaintiff's Equifax credit report from Plaintiff's potential lenders for at least two years, Defendant Equifax caused harm to the Plaintiff.

28. Equifax blocked potential lenders from accessing his credit information for at least two years, which greatly impacted his ability to obtain credit.

29. Despite Plaintiff's multiple disputes, Equifax did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to resolve the issue.

30. Equifax violated 15 U.S. Code § 1681i(a)(1)(A) by failing to conduct a reasonable investigation since it failed to allow access to Plaintiff's Equifax Credit Report within thirty days of receiving Plaintiff's dispute.

31. Had Equifax conducted a reasonable investigation of the Plaintiff's disputes, it would have been revealed to Equifax that access to Plaintiff's credit report was improperly blocked to potential creditors.

32. Furthermore, Plaintiff was not even required to dispute this issue with Equifax, given that Equifax is required to maintain maximum possible accuracy of consumer credit reports, and Equifax should have picked up this error internally.

33. Notwithstanding Plaintiff's efforts, Defendant continued to block access to potential creditors to Plaintiff's credit report for over two years.

34. As a result of Defendant's failure to comply with the FCRA, the Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, loss of ability to rent a residential dwelling, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

### FIRST CAUSE OF ACTION
**(Willful Violation of the FCRA as to Equifax)**

35. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

36. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

37. Equifax violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

38. Equifax violated 15 U.S.C. § 1681i(a) by failing to allow access to Plaintiff's credit file after receiving actual notice of the fact that it was blocked and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the identity of the Plaintiff.

39. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act includes but is not necessarily limited to the following:

   a) the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) the failure to correct erroneous personal information regarding the Plaintiff's identity after a reasonable request by the Plaintiff;

c) the failure to remove and/or correct the inaccuracy and allow access to Plaintiff's Credit Report after a reasonable request by the Plaintiff;

d) the failure to promptly and adequately investigate information which Defendant Equifax had notice;

e) the continual blocking of Plaintiff's Credit Report to Plaintiff and potential creditors, after being advised by the Plaintiff of the issue;

f) the failure to promptly resolve the issue immediately after Plaintiff advised Equifax that there was no misuse or fraud; and

g) the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before blocking access to Plaintiff's credit report.

40. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

41. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

42. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, John Hatcher, individually and on behalf of all others similarly situated demands judgement in his favor against Defendant, Equifax, for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Equifax)

43. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

44. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

45. Equifax violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

46. Equifax violated 15 U.S.C. § 1681i(a) by failing to fix the inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

47. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act includes but is not necessarily limited to the following:

   a. the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. the failure to allow access to Plaintiff's credit report after a reasonable request by the Plaintiff;

   c. the failure to remove and/or correct the inaccuracy and allow access to Plaintiff's Credit Report after a reasonable request by the Plaintiff;

   d. the failure to promptly and adequately investigate information which Defendant Equifax had notice;

   e. the continual blocking of Plaintiff's Credit Report to Plaintiff and necessary parties, after being advised by the Plaintiff of the issue;

f.  the failure to promptly resolve the issue immediately after Plaintiff advised Equifax that there was no misuse or fraud; and

g.  the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before blocking access to Plaintiff's credit report.

48. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

49. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

50. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, John Hatcher individually and on behalf of all others similarly situated, demands judgement in his favor against Defendant, Equifax, for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

51. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff John Hatcher, individually and on behalf of all others similarly situated, demands judgment from Defendant Equifax as follows:

1.    Declaring that this action is properly maintainable as a Class Action and

certifying Plaintiff as Class representative, and the undersigned attorneys as Class Counsel;

2.    Awarding Plaintiff and the Class statutory damages;

3.    Awarding Plaintiff and the Class actual damages;

4.    Awarding Plaintiff and the Class punitive damages;

5.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and

expenses;

6.    Awarding pre-judgment interest and post-judgment interest; and

7.    Awarding Plaintiff and the Class such other and further relief as this Court may

deem just and proper.

Dated:  November 4, 2025

/s/Yaakov Saks
**Stein Saks, PLLC**
By: Yaakov Saks
One University Plaza, Ste 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501
ysaks@steinsakslegal.com
*Counsel for Plaintiff*